

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00793-CV

**IN THE INTEREST OF J.J.S.**

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-01218
Honorable Martha B. Tanner, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  February 25, 2015

AFFIRMED

Roxanne G.[1] appeals the trial court's order terminating her parental rights to her six-year-old son J.J.S. In its written order, the trial court terminated Roxanne G.'s parental rights based on section 161.001(D), (E), (Q) of the Texas Family Code, finding by clear and convincing evidence that Roxanne G.

(1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered J.J.S.'s physical or emotional well-being;

(2) engaged in conduct or knowingly placed J.J.S. with persons who engaged in conduct that endangered J.J.S.'s physical or emotional well-being; and

(3) knowingly engaged in criminal conduct that has resulted in her conviction of an offense and confinement or imprisonment and inability to care for J.J.S. for not less than two years from the date of filing of the petition.

---

[1] To protect the privacy of the parties in this case, we identify the children by their initials and the parents by their first names only. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

The trial court also found by clear and convincing evidence that termination of the parent-child relationship between Roxanne G. and J.J.S. is in J.J.S.'s best interest.

A trial court may terminate a parent's parental rights if the court finds by clear and convincing evidence at least one of the culpable grounds listed in section 161.001(1) of the Texas Family Code and that termination is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014).

In her first issue, Roxanne G. argues that the trial court's order erroneously includes grounds for termination that the trial court did not orally render. Roxanne G. argues that at the termination hearing, the trial court based termination only on section 161.001(1)(Q) of the Texas Family Code. Thus, according to Roxanne G., the trial court erred in including two other grounds for termination in its written order. However, "[w]hen there is an inconsistency between a written judgment and an oral pronouncement of judgment, the written judgment controls." *In re A.C.*, No. 04-12-00679-CV, 2013 WL 352449, at *2 (Tex. App.—San Antonio Jan. 30, 2013, pet. denied). Thus, we look to the trial court's written order of termination. *See id.* (rejecting appellant's argument that because the trial court's oral pronouncement did not include a best interest finding, the oral pronouncement was not sufficient to support termination).

In her second issue, Roxanne G. argues the evidence is legally and factually insufficient to support the trial court's finding pursuant to section 161.001(1)(Q) of the Texas Family Code that Roxanne G. knowingly engaged in criminal conduct that has resulted in her conviction of an offense and confinement or imprisonment and inability to care for J.J.S. for not less than two years from the date of filing of the petition. Roxanne G. does not challenge the sufficiency of the evidence relating to the other two grounds found by the trial court pursuant to section 161.001(1). "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*,

113 S.W.3d 355, 362 (Tex. 2003). Because Roxanne G. does not challenge the trial court's written findings pursuant to section 161.001(1)(D) and (E), the trial court's judgment can be affirmed based on those two grounds and we need not address whether there was sufficient evidence to support the trial court's finding pursuant to section 161.001(1)(Q). *See In re M.L.S.*, No. 04-12-00042-CV, 2012 WL 2371042, at *1 (Tex. App.—Eastland June 21, 2012, no pet.) (explaining that appellant needed to challenge all grounds for termination included in trial court's order, even those grounds not included in the trial court's oral pronouncement, because when there is an inconsistency between a written judgment and an oral pronouncement of a judgment, the written judgment controls).

Furthermore, even if Roxanne G. had challenged all three findings by the trial court pursuant to section 161.001(1), there is clearly legally and factually sufficient evidence to support termination based on section 161.001(1)(D). When the legal sufficiency of the evidence is challenged, we look at all the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* (citation omitted). "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* (citation omitted). "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.* at 344-45 (citation omitted).

When a parent challenges the factual sufficiency of the evidence on appeal, we look at all the evidence, including disputed or conflicting evidence. *Id.* at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (citation omitted); *see also In re A.B.*, 437 S.W.3d 498, 503(2014). In reviewing termination findings for factual sufficiency, we give due deference to the factfinder's findings and do not supplant its judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *see In re A.B.*, 437 S.W.3d at 503(2014) (explaining that while there is a heightened standard of review in parental termination cases, a "court of appeals must nevertheless still provide due deference to the decisions of the factfinder, who, having full opportunity to observe witness testimony first-hand, is the sole arbiter when assessing the credibility and demeanor of witnesses").

Pursuant to section 161.001(1)(D), a trial court may order termination of the parent-child relationship if it finds by clear and convincing evidence that a parent knowingly placed or knowingly allowed her child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(D) (West 2014). Subsection D permits termination based on a single act or omission by the parent. *In re R.D.*, 955 S.W.2d 364, 367 (Tex. App.—San Antonio 1997, pet. denied).

The term "endanger" means "to expose to loss or injury." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re J.J.B.*, No. 04-14-00299-CV, 2014 WL 4218845, at *2 (Tex. App.—San Antonio Aug. 27, 2014, no pet.). Although "'endanger' means more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the conduct be directed at the child or that the child actually suffers injury." *Boyd*, 727 S.W.2d at 533; *In re J.J.B.*, 2014 WL 4218845, at *2. "Although the parent need not

have certain knowledge that an actual injury is occurring, the parent must at least be aware of the potential for danger to the child in such an environment and must have disregarded that risk." *In re A.S.*, 261 S.W.3d 76, 83 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Further, while imprisonment of a parent, standing alone, does not constitute endangerment of a child's emotional or physical well-being, imprisonment is a factor the trial court may consider. *See id.* at 84-85.

At the termination hearing, Roxanne G. testified that she was currently residing in a substance abuse treatment facility pursuant to a plea-bargain agreement in a drug case involving heroin. There was testimony at the hearing that on September 4, 2012, Roxanne G., J.J.S., who was three at the time, and Roxanne G.'s former boyfriend were in a stolen car. Heroin was found in the vehicle, and cocaine was found in the backseat where J.J.S. was sitting. It was this incident that led to J.J.S.'s removal from Roxanne G.'s care. Roxanne G. was arrested for possession of cocaine and heroin; she was also arrested for theft of a vehicle. Her former boyfriend, a man with an extensive criminal history, was charged with intent to deliver. Roxanne G. admitted that she knew her former boyfriend had a criminal history and was involved in drugs. She nevertheless chose to bring J.J.S. The caseworker testified that these conditions and surroundings endangered J.J.S.'s physical and emotional well-being.

Further, with regard to her criminal history, based on the incident, Roxanne G. was charged with possession of 1-4 grams of heroin and 4-200 grams of cocaine, to which she had entered into a plea-bargain agreement. Prior to this incident, her criminal history included possession of controlled substances, theft, and possession with intent to deliver. Before this case was filed, Roxanne G. participated in the Department's family-based safety services. She tested positive for amphetamines and methamphetamine. She was then referred to drug court where she again tested positive for amphetamines, methamphetamine, and marijuana.

Roxanne G.'s criminal history, her drug abuse before and after the incident leading to the removal of J.J.S., and the actual incident leading to J.J.S.'s removal constitute legally and factually sufficient evidence to support the trial court's finding under section 161.001(1)(D). *See In re S.D.*, 980 S.W.2d 758, 763 (Tex. App.—San Antonio 1998, pet. denied) (explaining that criminal history and persistent drug use can support termination on subsection D grounds).

We affirm the trial court's order terminating Roxanne G.'s parental rights to J.J.S.

Karen Angelini, Justice